IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO INFANTE, | NO. SACV 25-01890-MCS (AGR) |
| Petitioner, | ORDER ACCEPTING FINDINGS AND RECOMMENDATION |
| v. | |
| CHANCE ANDES, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the other records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), the Objections, and the Supplemental Objections. Petitioner's request for leave to file supplemental objections is GRANTED. (Dkt. No. 19.) The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Report.

Petitioner's wide-ranging request for discovery, which is contained in his supplemental objections, is DENIED. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), Rules Governing Section 2254

Cases in the United States District Courts. "A party requesting discovery must provide reasons for the request." Rule 6(b). To show good cause, Petitioner must demonstrate that "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 909. Speculation is insufficient. *Id.*; *Earp v. Davis*, 881 F.3d 1135, 1142-43 (9th Cir. 2018) ("'Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who wishes to seek such discovery.'")

As the Report explains, Petitioner was released on parole in 2019 after a first degree murder conviction and remanded to CDCR custody in May 2020 for violating his parole conditions. (Report at 5.) An inmate sentenced to life in prison for first- or second-degree murder is released on parole, if at all, for life and is subject to remand to CDCR custody for a parole violation. Cal. Penal Code §§ 3000.1(a), 3000.08(h).

Petitioner complains that an inmate released on parole on or after July 1, 2020 is subject to a three-year term of parole and is no longer subject to remand to CDCR custody for parole violations. Cal. Penal Code § 3000.01. The statute expressly "applies to persons released from state prison on or after July 1, 2020, and who are subject to the jurisdiction of, and parole supervision by, the Department of Corrections and Rehabilitation pursuant to Section 3000.08." Cal. Penal Code § 3000.01(a).

Section 3000.01(a) does not apply to Petitioner because he was released on parole and remanded to CDCR custody for violating the terms of his parole before July 1, 2020. As the Report notes, Respondent concedes that Petitioner will be entitled to the benefit of § 3000.01(a) if he is released on parole in the future. (Report at 7.)

Petitioner acknowledges that the decision in *People v. Batten*, 109 Cal. App. 5th 908 (2025), *review denied*, 2025 Cal. LEXIS 3405 (June 11, 2025), declined to apply heightened scrutiny, applied rational basis review and rejected an equal protection challenge to the statute.  The defendant in *Batten* had been released on parole in 2017 and, unlike Petitioner, was on parole as of July 1, 2020.  Batten subsequently admitted parole violations at a revocation hearing in 2023 based on an incident in 2021.  *Id.* at 911.  Rejecting Batten's equal protection challenge, the California Court of Appeal held:

> "[W]hen the Board is determining whether to offer parole to an inmate, it does so in part based on conditions of treatment or control on parole.  (Cal. Code Regs., tit. 15, § 2402.)  The Board could decide that parole would not be appropriate for some inmates if they would only be supervised for three years after release, while parole would be appropriate if the term were longer.  Likewise, the Board could also determine that some inmates would only be suitable for parole if subject to the heavy consequence of a mandatory remand to CDCR custody for a parole violation.  The Legislature could reasonably decide that upending these Board considerations by changing the term of parole for such inmates or releasing them from the mandatory consequences for a parole violation would be unwise, and it could therefore rationally choose to make section 3000.01 operate prospectively only.

*Id.* at 914-15.

Petitioner requests discovery of (1) the Board parole release packet, hearing minutes, and decision memorandum for Batten; (2) Board policy documents, internal memoranda, or guidance addressing the role of length of supervision in release decisions; (3) legislative history and committee reports for SB 118; and (4) depositions or declarations from Board members or parole agents who participated in release decisions.  Petitioner requests an evidentiary

hearing "to resolve factual disputes about reliance and legislative intent." (Supp. Obj. at 15.)

Petitioner fails to show good cause for his broad request for discovery. Petitioner has not presented "specific allegations" that "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 909. The Board considers "any conditions of treatment or control" under which an inmate may be released into the community under the provisions of 15 Cal. Code Regs. § 2402(b). Even assuming the length of supervision and/or the prospect of mandatory remand to CDCR custody for a parole violation would weigh differently for each individual inmate, such discovery would not demonstrate a violation of equal protection.

IT THEREFORE IS ORDERED that Respondent's motion to dismiss the Petition for Writ of Habeas Corpus is GRANTED and that judgment be entered denying the Petition and dismissing this action.

DATED: March 11, 2026

_____
MARK C. SCARSI
United States District Judge